RAYMOND NARDO, P.C.
Counsel for Plaintiff
129 Third Street
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tzu-Hsiang Tung, and all others similarly situated,

Plaintiff,

--against—

Banzai Steakhouse Inc., Karl Shao, as an individual,

Defendants.

**COMPLAINT**

**22-CV-05750**

Plaintiff TZU-HSIANG TUNG, on behalf of himself, and all others similarly situated, by counsel (hereinafter "Plaintiff"), RAYMOND NARDO, P.C., upon personal knowledge, complaining of Defendants, BANZAI STEAKHOUSE Inc., and KARL SHAO, as an individual jointly and severally (collectively referred herein as "Defendants") allege:

### NATURE OF ACTION

1. This action seeks to recover unpaid minimum wages, overtime, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"), and other statutes on behalf of Plaintiff.

2. Defendants deprived Plaintiff of the protections of the FLSA and NYLL by failing to pay minimum wage and premium overtime pay.

3. Defendants also deprived Plaintiff of tips in violation of the FLSA and NYLL.

4. Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to keep accurate time records, failing to pay the Plaintiff minimum wage and not paying time and one half the employee's regular rate of pay for all hours worked in excess of 40 hours in a workweek.

## JURISDICTION AND VENUE

5. This action arises under 29 U.S.C §201 et. seq., the "Fair Labor Standards Act" ("FLSA").

6. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

7. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

9. Plaintiff TZU-HSIANG TUNG resides in Queens, New York.

10. Defendant BANZAI STEAKHOUSE Inc. is a restaurant in the Hospitality industry, subject to the Hospitality Wage Order, with its principal place of business at **95 S. Central Ave, Hartsdale, NY 10530**.

## Class Definition

11. Plaintiff bring each cause of action set forth herein as a collective action on behalf of the following potential opt-in litigants:

**All current and former wait staff who performed work for Banzai**

> **Steakhouse Inc. in any workweek in the past three years  ("FLSA**
>
> **Collective").**

12. Plaintiff reserves the right to redefine the FLSA Collective prior to class certification and thereafter, as necessary.

13. Plaintiff brings each New York Labor Law ("NYLL") cause of action as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

> **All current and former wait staff who performed work for Banzai**
>
> **Steakhouse Inc. in any workweek in the past six years  ("New York Class").**

14. Plaintiff reserves the right to redefine the New York Class prior to class certification and thereafter, as necessary

15. All allegations alleged herein by Plaintiff are alleged on behalf of the FLSA Collective and New York Class defined in this Complaint.

## Facts

16. Defendants employed Plaintiff as a waiter from April 14, 2022 through June 1, 2022.

17. Plaintiff's duties were to wait on tables, take food orders, and deliver food to customers.

18. Plaintiff was not exempt from the minimum wage or overtime requirements set forth in the FLSA.

19. Plaintiff was not exempt from the minimum wage or overtime requirements set forth in the NYLL.

20. Plaintiff worked approximately 5 days per week as follows:

    a.  3 weekdays from 1:00pm to 10:00pm.

    b.  2 weekend days from 11:00am to 11:00pm.

21. Defendants paid Plaintiff $40 for each shift, which was below the minimum wage.

22. Defendants did not pay Plaintiff at time and one half the regular rate of pay for hours worked in excess of 40 hours per week.

23. Plaintiff was not permitted an uninterrupted half hour for required meal breaks during Plaintiff's shifts.

24. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

25. Plaintiff did not receive proper paystubs.

26. Plaintiff worked in the Hospitality industry and was subject to the Hospitality regulations.

27. Plaintiff participated in a tip pool.

28. However, in this tip pool, Defendants included kitchen employees, who were not directly involved in the serving of food or beverages.

29. Further, Defendants did not keep proper records of the tip pool.

30. As a result, Defendants misappropriated and unlawfully deprived Plaintiff of tipped wages.

31. Pursuant to of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Defendants were required to pay Plaintiff an extra hour of pay at the basic minimum hourly wage for each day that Plaintiff's spread of hours worked exceeded 10 hours per day.

32. Defendants failed to pay Plaintiff an extra hour of pay for each hour in which Plaintiff's spread of hours met, or exceeded, 10 hours per day.

## **Collective Action Allegations**

33. Plaintiff brings this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

34. Plaintiff desires to pursue Plaintiff's FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

35. Plaintiff and the FLSA Class are "Similarly Situated," as that term is used in 29 U.S.C.§216(b), because, *inter alia*, all such individuals worked as wait staff under the Defendants' previously described common pay practices, and because of such practices, Plaintiffs were not paid the full and legally-mandated minimum wage and overtime premium wage for hours worked, and their tips were diverted. Resolution of this action requires inquiry into common facts, including, *inter alia*, the Defendants' common compensation, timekeeping and payroll practices.

36. Specifically, the Defendants typically paid Plaintiffs and the FLSA shift pay for each shift, regardless of the hours worked.  Accordingly, Plaintiff and the Similarly Situated Plaintiffs did not receive minimum wage or overtime pay at the proper rate.

37. The Similarly-Situated employees are known to the Defendants, are readily identifiable, and may be located through the Defendants' records and the records of any payroll company that the Defendant uses.

38. The Defendants employ FLSA Collective Members in the State of New York.

39. These Similarly-Situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation,

liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## **Class Action Allegations**

40. Plaintiff brings this action as a class action under Fed. R. Civ. P. 23 on behalf of Plaintiff and the New York Class defined above.

41. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

42. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class.

43. Plaintiffs' counsel is competent and experienced in representing a class and multi-plaintiff wage and hour claims such as this one.

44. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation:

    a. whether the Defendants have violated and continue to violate the Federal and/or New York State laws through the Defendants' policy or practices of paying its wait staff shift pay below minimum wage for all hours worked by Plaintiff and the New York Class,

    b. whether the Defendants have violated and continue to violate the Federal and/or New York State laws through the Defendants' policy or practices of not paying its wait staff premium overtime pay for all hours worked by Plaintiff and the New

York Class,

    c.   whether Defendants violated the New York Labor Law by not paying spread of hours pay,

    d.   whether Defendants violated the New York Labor Law by diverting some of Plaintiff's tipped to employees not directly involved in serving the customers,

    e.   whether Defendants violated the WTPA by not providing proper pay Notices and Acknowledgement of Pay Rates to Plaintiff

    f.   whether Defendants violated the WTPA by not providing proper paystubs.

45. Plaintiff's claims are typical of the claims of the New York Class in the following ways, without limitation:

    a.   Plaintiff is a member of the New York Class,

    b.   Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class,

    c.   Plaintiff's claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances,

    d.   there are no conflicts between the interests of Plaintiffs and the New York Class members; and

    e.   the injuries suffered by the Plaintiff is similar to the injuries suffered by the New York Class members.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

47. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

48. The New York Class is readily identifiable from the Defendants' own employment records.

49. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants.

50. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against the Defendants.  Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

51. Without a class action, the Defendants will retain the benefit of its wrongdoing, which will result in further damages to the Plaintiff and the New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION**
**(Failure to pay minimum wages under the FLSA)**

52. Plaintiff repeats, realleges, and reincorporates all previous allegations as though fully set forth herein.

53. Defendants are "employers" under the FLSA.

54. Defendants failed to pay the Plaintiff minimum wages to which he was entitled under the FLSA, and the supporting Federal Regulations.

55. Because of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

56. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint are unlawful.

57. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

58. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**(Failure to pay minimum wages under the NYLL)**

59. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

60. Plaintiffs are "employees" under the NYLL.

61. Defendants are "employers" under the NYLL.

62. Defendants failed to pay the Plaintiff minimum wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

63. By the Defendants' knowing or intentional failure to pay Plaintiff minimum wages at for hours worked over 40 hours per workweek, Defendants have willfully violated NYLL Art. 19, *§§* 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

64. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## THIRD CAUSE OF ACTION
**(Failure to pay overtime wages under FLSA)**

65. Plaintiffs repeat, reallege and reincorporate all allegations as though fully set forth herein.

66. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

67. Defendants failed to pay Plaintiff premium pay at the rate of time and one half for hours worked in excess of 40 hours per week, to which he was entitled, under the FLSA and the supporting Federal Regulations.

68. Because of Defendants' unlawful acts, Plaintiff has been deprived of overtime pay in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

69. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint are unlawful.

70. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

71. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**FOURTH CAUSE OF ACTION**
**(Failure to pay overtime pay under NYLL)**

72. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

73. Defendants failed to pay Plaintiff overtime pay at the rate of time and one half, to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

74. By Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Art. 19, *§§ 650 et seq.,* and the supporting New York State Department of Labor Regulations.

75. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid overtime pay, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

**FIFTH CAUSE OF ACTION**
**(Failure to provide wage notices)**
**(NY Lab. Law §198(1-b)**

76. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

77. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

      i.   the rates or rates of pay and basis thereof,

      ii.   whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

      iii.   the regular pay designated by the employer in accordance with NYLL §191;

      iv.   the name of the employer;

      v.   Any "doing business as" names used by the employer;

      vi.   The physical address of the employer's main office or principal place of business, and a mailing address, if different;

      vii.   The telephone number of the employer.

78. Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

**SIXTH CAUSE OF ACTION**
**(Failure to provide wage notices)**
**(NY Lab. Law §198(1-d))**

79.  Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

80. Defendant failed to provide Plaintiff a statement with each payment of wages that sets forth Plaintiffs' hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

81. Due to Defendants' violation of NYLL §195(3), Plaintiffs are entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

**SEVENTH CAUSE OF ACTION**
**(Failure to pay Spread of Hours Pay Under the NYLL)**

82. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

83. Defendant failed to provide Plaintiff with an extra hour of pay for each day in which his spread of hours (start time to ending time) was 10 hours or greater.

84. Defendant is liable for one extra hour of pay to Plaintiff at the basic minimum hourly wage.

**EIGHTH CAUSE OF ACTION**
**(Unlawful Diversion of Tips Under §196-d of the Labor Law)**

85.  Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein

86.  Defendants diverted Plaintiff's tips and paid tips to employees who were not directly

involved in food service and who were not entitled to participate in the tip pool.

87. Defendants are liable to Plaintiff for misappropriated tips pursuant to New York Labor
Law § 196-d.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A.       An Order permitting this litigation to proceed as an FLSA collective action
pursuant to 29 U.S.C. §216(b);

B.       Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all
potential FLSA Class Members;

C.       An Order permitting this litigation to proceed as a class action under Fed.
R. Civ. P. 23 on behalf of the New York Class;

D.       Unpaid wages, and an additional and equal amount as liquidated damages
pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.       Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting
New York State Department of Labor regulations, and an additional and equal amount as
liquidated damages pursuant to NYLL § 663;

F.       Statutory damages equal to $50 for each workday up to a maximum of
$5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

G.       Statutory damages equal to $250 for each workday up to a maximum of
$5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL
§198(1-d);

H.      Unpaid wages for Defendants' refusal to pay spread of hours pay;

I.      Damages for tips misappropriated by Defendants;

J.      Pre-judgment interest and post-judgment interest;

K.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

L.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

M.      Reasonable attorney fees and costs of the action under the FLSA, NYLL, and WTPA;

N.      Such other relief as this Court shall deem just and proper.

Dated:   Mineola, NY
         July 6, 2022


                                                      RAYMOND NARDO, P.C.

                                                      _____
                                                      Raymond Nardo, Esq.
                                                      129 Third Street
                                                      New York, NY 11501
                                                      (516) 248-2121 (Tel)
                                                      (516) 742-7675 (Fax)
                                                      Nardo@Raynardo.com