July 1, 2024

**VIA CM/ECF**
Hon. Judith C. McCarthy, U.S.M.J.
United States District Court
Southern District of New York
300 Quarropas St., Courtroom 421
White Plains, NY 10601-4150

      **Re:**   *Tung v. Banzai Steakhouse, et al.*, No. 22 Civ. 05750 (KMK)(JCM)

Dear Judge McCarthy,

      We represent the Plaintiff in the above referenced matter. We write to respectfully request judicial approval of the Parties' settlement agreement. *See* **Bonilla Decl.** ECF No. 42. The agreement resolves the claims of Plaintiff Tzu-Hsiang Tung ("Plaintiff") for the total amount of $12,000. As part of this motion, Plaintiff will request 1/3 in attorney's fees ($4,000) plus costs ($527.00) from the total settlement amount. For the reasons outlined below, the Court should approve the settlement as a fair and reasonable compromise of Plaintiff's claims against Defendants.

## BACKGROUND & PROCEDURAL HISTORY

      The Law Firm of Raymond Nardo was retained by Plaintiff who worked as a waiter.[1] On July 7, 2022, Plaintiff filed this action. *See* ECF No. 1. Plaintiff alleged that Defendants violated the minimum wage and overtime requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") because they paid Plaintiff a day rate despite the number of hours he worked and misappropriated tip by having an unlawful tip pooling arrangement that included back of the house employees. Plaintiff also alleged claims for statutory penalties under the Wage Theft Protection Act ("WTPA") for improper wage notices and wage statements. Defendants filed an answer denying all liability. *See* ECF No. 6.

      On October 20, 2022, Plaintiff filed a motion for certification pursuant to 29 U.S.C. 216(b). This Court granted Plaintiff's motion for certification on September 8, 2023. *See* ECF No. 30. Notice was sent out to 5 individuals via U.S. Mail and text message. No consent forms were returned during the Notice Period.

      Both Parties engaged in formal discovery. Specifically, both Parties exchanged initial disclosures and Defendants provided written discovery responses. Defendants provided 13 pages of documents. The Parties were engaged in extensive arms-length negotiations in an effort to settle this action. Over the following weeks, the Parties negotiated and executed the Settlement Agreement, attached to **Bonilla Decl.** ECF No. 42.

## THE SETTLEMENT SHOULD BE APPROVED

---

[1] Fitapelli & Schaffer, LLP ("F&S") became co-counsel to the Law Firm of Raymond Nardo on September 6, 2022.

1

Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *See* 796 F.3d 199, 206 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Mosquera v. Masada Auto Sales, Ltd.*, No. 09 Civ. 4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011). "[T]here is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Matheis v. NYPS, LLC*, No. 13 Civ. 6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 WL 502131, at *4 (S.D.N.Y. Feb. 8, 2019).

The court in *Wolinsky* set forth the following criteria for determining whether a proposed settlement is fair and reasonable: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky*, 900 F. Supp. 2d at 335. Based on the above criteria, the proposed settlement, which provides for the net payment of $7,473.00 to Plaintiff was achieved after hard fought and arm's-length negotiations between experienced counsel. Therefore, the settlement is fair and should be approved.

### **Factor 1: The Range of Recovery**

The first factor weighs in favor of approval. Based on estimated damages calculations, Plaintiff's range of possible back wage recovery was between $0.00 and $17,850.20 – representing minimum wages ($4,650.00), overtime wages ($1,935.00), along with liquidated damages of 100% owed wages ($5,105.00), WTPA Notice penalties ($1,850), WTPA wage statement penalties ($5,000), and interest ($790.20). Therefore, the $12,000 settlement amount represents approximately 67.2% of all damages owed. However, the net amount going to Plaintiff ($7,473) still represents 62.5% of base minimum wages, overtime wages, and WTPA damages owed.

Based on the litigation discussed below, the total settlement of $12,000.00 is a fair and reasonable result. *See Lesser v. TIAA, FSB*, No. No. 19-CV-1707 (BCM), 2020 WL 6151317, at *2 (S.D.N.Y. Oct. 20, 2020) (finding 25% of maximum possible recovery as reasonable).

### **Factors 2 & 3: Avoiding Burdens & Litigation Risk**

The second and third factors also favor approval. The figure above is based upon Plaintiff's estimated tally of weekly hours worked that were not paid. Thus, a fact finder could have eventually ruled that no extra pay was due, or that a lesser number of hours were actually compensable. As such, Plaintiff's estimated damages are not guaranteed.

If the Parties were to continue litigation, the Parties would need to conduct full discovery, including depositions of all parties, to determine the amount and nature of extra hours worked. This would require further transactional costs for both sides. In addition, Plaintiff would file a

Motion for Summary Judgment, which Defendants would oppose, all of which would lead to further legal briefings.

In addition, both sides face serious litigation risks relating to damages and liability. Upon review of records (or really lack thereof), Defendants did not maintain complete employment records for Plaintiff. Defendants produced 13 pages of Plaintiff's schedule. Defendants did not produce any pay statements, notice of hire, or any payroll records. As a result, Plaintiff believes he could establish liability based on Defendants' lack of records. However, Plaintiff does not have any documentation related to his employment and thus, Plaintiff would have undergone an intense deposition. As a result, this factor supports approval of this settlement.

### Factors 4 & 5: Arm's Length Negotiation & Experience

The fourth and fifth factors also weigh in favor of approval. Plaintiff's counsel and Defendants' counsel have negotiated at arm's length, as evidenced from the length of the negotiation and litigation process, and both Parties' counsel have significant experience handling wage and hour claims. *See* **Bonilla Decl.** ECF No. 42. Defendants' Counsel is also experienced in handling wage and hour matters.

In addition, there is no evidence of fraud or collusion, as the Settlement amount represents a significant percentage of Plaintiff's potential recovery and was obtained after approximately 2 years of litigation. Moreover, Plaintiff has signed the Settlement Agreement, which specifies his individual allocations after attorneys' fees and costs.

### No Red-Flag Issues Are Present In This Settlement

The red-flag issues identified in *Cheeks* are not present here. The agreement does not have a confidentiality or non-disparagement clause and the release is limited to wage and hour claims. Moreover, Defendants agreed to a neutral reference, further indicating the fairness of this overall settlement. Finally, as will be discussed below, F&S and the Law Office of Raymond Nardo requested attorneys' fees are not excessive. As a result, Plaintiff respectfully requests that the Court find that the settlement agreement is a "fair and reasonable" compromise of his claims against Defendants and approve the settlement.

### THE COURT SHOULD APPROVE THE REQUESTED ATTORNEYS' FEES AND COSTS

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's Counsel and the Consent to Join forms signed by Plaintiff, the Agreement provides that Plaintiff's Counsel will recover $4,527, equaling one-third of the settlement ($4,000) plus costs ($527.00). The amount requested for attorneys' fees is fair and reasonable as it was the fee agreed upon by Plaintiff in his retainer agreement, and a contingency fee of one-third is sufficient to account for the risks associated with this representation. Plaintiff's Counsel has worked without any compensation to date, and Plaintiff's Counsel's fee has been wholly contingent upon the result achieved. Courts in this district routinely award approve attorneys' fees of one-third in FLSA cases. *See, e.g.*, *Lesser*, 2020 WL 6151317, at *3 (approving one-third of settlement and stating it "is within the range historically approved in this District"); *Deran v. Antalia Turkish Cuisine LLC*,

2020 WL 3414890, at *2 (S.D.N.Y. June 22, 2020) (approving attorney's fees of one-third of the settlement amount; *Campos v. Sixtyone Reade Pizza Inc.,* No. 19 Civ. 2414, 2021 WL 3501193, at *1 (S.D.N.Y. Aug. 9, 2021) ("Courts in this District routinely award attorneys' fees based on contingency agreements up to one third of the settlement.").

Through the date of this filing, Plaintiff's counsel has spent approximately 80.4 attorney hours litigating and settling this action. These hours were compiled from contemporaneous time records maintained by each attorney participating in the case and are reasonable for a case that has been in litigation for approximately two years. Additionally, since November 2014, F&S has handled cases on a pure contingency basis, including all out-of-pocket costs and expenses. Thus, when Plaintiff's counsel's lawyers spend time on contingency matters, they do so at a significant risk for the firm. For example, in *Rios et al. v. Louya Corp. d/b/a Jacques Brasserie et al.*, No. 14 Civ. 6800 (GHW) (S.D.N.Y.), Plaintiff's counsel obtained a verdict of $1,044,512.62 after a five-day trial. However, due to the defendants' bankruptcy filings, the plaintiffs and our firm have recovered less than two percent (2%) of the damages and attorneys' fees and costs awarded to them by the court. This highlights the risks associated with wage and hour matters and illustrates that Plaintiff's counsel stood to gain nothing in the event the case was unsuccessful. Moreover, in Plaintiff's Counsel's experience, wage and hour cases are inherently high-risk due to often unexpected closings and collection issues. Further illustrating the risks, two New York businesses that F&S sued for wage issues have closed– Artisanal Bistro and Koi-Soho. This highlights the risks associated with wage and hour matters and illustrates that Plaintiff's Counsel stood to gain nothing in the event the case was unsuccessful.

As such, in reviewing Plaintiff's Counsels' fees in this matter and the risks involved, it is clear that they are both fair and reasonable. Moreover, under the "lodestar" method, the Court "scrutinizes the fee petition to ascertain the number of hours reasonably billed to the [plaintiff] and then multiplies that figure by an appropriate hourly rate." *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). Even under the "lodestar" method, Plaintiff's Counsel's one-third fee award is more than reasonable, as their requested amount is significantly less than their lodestar of $18,240.

Lastly, Plaintiff's counsel expended $527 in litigation costs and expenses. *See* **Bonilla Decl.** ECF No. 42. These costs are primarily comprised of the expenses of miscellaneous expenses associated with filing and service. *Id.* These costs are commonly reimbursed by courts in this District. *See, e.g., Chamoro v. 293 3rd Café Inc.*, No. 16 Civ. 339, 2016 WL 57119799, at *4 (S.D.N.Y. Sept. 30, 2016); *Hui Lan Weng v. Fancy Lee Sushi Bar & Grill, Inc.*, No. 15 Civ. 5737, 2017 WL 5564892, at *3 (E.D.N.Y. Nov. 3, 2017) (holding that court filing fees, process servers, transcripts, travel, and other litigation costs are generally recoverable if they are necessary for the representation of the client), report and recommendation adopted, 2017 WL 5564593 (E.D.N.Y. Nov. 18, 2017). As such, Plaintiff's Counsels' attorneys' fees are fair and reasonable and should be approved by the court.

\*   \*   \*

For the above reasons, Plaintiff respectfully requests that the Court approve the attached Settlement Agreement.

We thank the Court for its time and consideration.

                                                    Respectfully submitted,

                                                   */s/ Katherine Bonilla*

CC:    Defendants' Counsel (via ECF)        Katherine Bonilla